IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
DAVID CATRINO                   *
                                *
v.                              *
                                *   Civil Action No. WMN-09-505
TOWN OF OCEAN CITY              *
                                *
   *    *    *    *    *    *    *    *    *    *    *    *    *    *    *
```

## MEMORANDUM

Before the Court is Plaintiff's motion to alter or amend this Court's ruling of July 14, 2009, dismissing Plaintiff's First Amended Complaint.  Paper No. 20.  The motion is fully briefed.  Upon a review of the motion and the applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that the motion should be granted.

Plaintiff filed this action on March 3, 2009, asserting claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (ADA).  Briefly stated, Plaintiff was employed by the Ocean City Police Department from 1994 to 2007.  He alleged in his Complaint that on July 21, 2007, his supervisor refused to allow him to leave his post to eat a meal, despite the supervisor's knowledge that Plaintiff's diabetic condition made it medically necessary for Plaintiff to eat meals on a regular schedule.  When he left his post shortly before the end of his shift in order to eat, Defendant took the disingenuous position

that Plaintiff had voluntarily resigned his position and refused

to allow him to return to work.[1]

Defendant Town of Ocean City, filed a motion to dismiss the

Complaint, contending that Plaintiff's claims were barred under

various preclusion and estoppel theories premised on an

arbitration decision in which the arbitrator concluded that

Plaintiff had voluntarily resigned his position.  If Plaintiff

had voluntarily resigned, Defendant argued, he could not

continue to assert an ADA claim, as the only adverse employment

action identified by Plaintiff related to his termination.

Plaintiff opposed the motion, but also filed an Amended

Complaint "to plead with more specificity that he was

'constructively discharged' by his former employer."  Am.

Compl., Preamble.  Much of Plaintiff's Opposition was also

devoted to his contention that his Amended Complaint stated a

valid ADA claim under a constructive discharge theory.  In its

Reply, Defendant continued to argue that the arbitration award

barred Plaintiff's ADA claim, but also responded to Plaintiff's

new constructive discharge theory.

In its July 14, 2009, Memorandum, the Court rejected

Defendant's arguments concerning the preclusive effects of the

arbitrator's decision.  The Court, however, went on to hold that

---

[1] The factual and procedural background for this action was set
out fully in this Court's July 14, 2009, Memorandum, Paper No.
18, and will not be repeated here.

the allegations in the Amended Complaint did not support a claim of constructive discharge.  The Court then granted the motion to dismiss.

In his motion to alter or amend that judgment, Plaintiff now argues that he erred in employing the term "constructive discharge" and that the "constructive discharge line of cases," on which he previously relied, are "inapplicable to the facts at hand."  Mot. at 1.  Plaintiff explains that he "phrased his discharge as 'constructive' because Ocean City never terminated him a technical sense."  Mot. at 4.  He suggests, in retrospect, that it would have been more correct to say that he was "effectively discharged."  Id.  Asserting that he never abandoned his initial ADA termination and failure to accommodate claims, he argues that the facts alleged in the First Amended Complaint were sufficient to withstand the motion to dismiss.

Albeit with some reluctance, the Court will grant Plaintiff's motion.  The Court begins with the observation that the allegation in the original complaint adequately stated a failure to accommodate claim under the ADA.  To state such a claim, a plaintiff must allege: (1) that he was an individual with a disability within the meaning of the ADA; (2) that the employer had notice of his disability; (3) that with reasonable accommodation, he could perform the essential functions of the position; and (4) that the employer refused to make such

accommodations.  Rhoads v. FDIC, 257 F.3d 373, 387 n. 11 (4th

Cir. 2001).  Although it is not always found to be, diabetes can

constitute a disability under the ADA.  See Kline v. Home Depot,

Inc., Civ. No. RDB-08-990, 2009 WL 2246656 (D. Md. July 27,

2009) (observing, "to arrive at the disability determination,

courts engage in a highly fact-dependent and case-specific

analysis of a diabetic's condition after mitigating measures,

such as insulin, are taken into account").  Being excused from a

non-emergency situation in order to be allowed to eat could be

considered a reasonable accommodation and Defendant has made no

argument to the contrary.

The original Complaint also stated a claim for wrongful

discharge under the ADA.  To state such a claim, a plaintiff

must allege that: (1) he is within the ADA's protected class;

(2) he was discharged; (3) at the time of his discharge, he was

performing the job at a level that met his employer's legitimate

expectations; and (4) his discharge occurred under circumstances

that raise a reasonable inference of unlawful discrimination.

Haulbrook v. Michelin N. Am., Inc., 252 F.3d 696, 702 (4th Cir.

2001).  Here, Plaintiff alleged that Defendant "discharged him

because he was disabled or regarded as disabled."  Compl. at 1.

The allegation that Defendant effectively fired Plaintiff "on

the bogus theory he had voluntarily resigned by leaving his

workplace early due to his temporary physical incapacity" is

sufficient, at this stage in the litigation, to give rise to an inference of discrimination.

Had Plaintiff not wandered off into advocating an unsupportable constructive discharge theory, the Court would have denied Defendant's motion once it rejected Defendant's preclusion and estoppel arguments.  The Court, in fact, noted in its previous memorandum that "[b]y attempting to assert a claim of constructive discharge where he had once denied that he intended to resign, Plaintiff has obviously placed himself in a somewhat untenable position."  July 14, 2009, Mem. at 15 n.9. Nevertheless, the Court felt compelled to limit its consideration of Plaintiff's claim to the constructive discharge theory as that was the only theory advanced by Plaintiff in his Opposition, assuming that Plaintiff had abandoned the other theories asserted in the Complaint.

Defendant's opposition to the motion to alter or amend is also premised on the assumption that Plaintiff "abandoned" his previous theories and claims.  See Opp'n at 1 ("[Plaintiff] is using this Motion as an opportunity to resurrect a termination claim that he had already abandoned."); 5 (casting Plaintiff's motion as an "improper attempt to resurrect a claim he had abandoned when he altered his allegation to "constructive discharge"); 8 (arguing that Plaintiff "specifically abandoned his theory of discharge" in response to Defendant's motion to

dismiss).   Upon review of the record, however, the Court notes

that, in amending the Complaint, Plaintiff expressly stated

that, "[i]n filing this First Amended Complaint, Plaintiff <u>does</u>

<u>not abandon or withdraw</u> his original Complaint."   Am. Compl.,

Preamble (emphasis added).   Furthermore, all of the allegations

in the original complaint, cited above, are repeated in the

First Amended Complaint.

Under Rule 59(e), a court can alter or amend a judgment "to

correct a clear error of law or prevent manifest injustice."

<u>Gagliano v. Reliance Standard Life Ins. Co.</u>, 547 F.3d 230 (4th

Cir. 2008).   The Court finds that, in this instance, to dismiss

a claim due to the temporary confusion of counsel would do a

manifest injustice.   Accordingly, the Court will vacate its

prior order and permit this case to go forward.   A separate

order will issue.


                              _____/s/_____
                              William M. Nickerson
                              Senior United States District Judge


DATED: October 14, 2009